IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DARNELL IVEN ADAMS, #00593403** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:20cv759** *consolidated with* **4:21cv53** |
| **DIRECTOR, TDCJ-CID** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro Se* Petitioner Darnell Iven Adams, a former inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I. PROCEDURAL BACKGROUND

Petitioner is challenging the conditions of his parole. Petitioner does not challenge the validity of any convictions here. To provide necessary context, however, the Court will provide a brief overview of his underlying convictions.

Petitioner was charged in the District Court of Collin County, Texas with aggravated sexual assault with the use of a deadly weapon, Cause No. 199-80293-90 (Dkt. #12-4, pp. 31), and burglary of a habitation, Cause No. 199-80320-91 (Dkt. #12-4, pp. 24). On April 5, 1991, pursuant to plea bargaining agreements (Dkt. #12-27, p. 16; Dkt. #12-31, p. 13), Petitioner pled guilty to sexual assault (Dkt. #12-4, pp. 34-36) and burglary of a habitation (Dkt. #12-4, pp. 26-28) and was sentenced to life confinement on each case (Dkt. #12-4, pp. 26, 34). Petitioner did not file a direct

appeal. *See Ex parte Adams*, No. WR-32,252-14, 2020 WL 6750469, at *1 (Tex. Crim. App. Nov. 18, 2020) (Dkt. #12-33).

On July 1, 2020, Petitioner was granted parole. (Dkt. #12-29, p. 9; Dkt. #12-32, p. 11). As a special condition of parole, Petitioner was required to comply with the Sex Offender Registration Program based on his 1991 sexual assault conviction. (Dkt. #12-29, p. 9; Dkt. #12-32, p. 11). Petitioner filed applications for state habeas corpus relief in each case, challenging sex offender registration as a condition of his parole. (Dkt. #12-27, pp. 35-39; Dkt. #12-28, pp. 1-14; Dkt. #12-31, pp. 32-50). The state habeas court issued Findings of Fact and Conclusions of Law in each case, recommending each application be denied (Dkt. #12-29, pp. 15-16; Dkt. #12-32, pp. 26-27). In September 2020, the Texas Court of Criminal Appeals ("TCCA") denied each application without a written order on the findings of the state habeas court without a hearing and on the court's independent review of the record. (Dkt. ##12-26, 12-30).

Petitioner filed the instant petition on September 15, 2020.[1] Petitioner asserts the following claims for relief:

1. The requirement to register as a sex offender as a condition of parole violates the Ex Post Facto Clause.

2. The requirement to register as a sex offender as a condition of parole breaches the plea bargaining agreement.

(Dkt. #1, p. 6; Dkt. #1-1). The Director filed a response, arguing Petitioner's claims are without merit. (Dkt. #19). Petitioner filed a reply. (Dkt. #23).

---

[1] A *pro se* prisoner's habeas corpus petition is deemed filed, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, when the prisoner delivers the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner declared under penalty of perjury that he deposited the petition in the prison mailing system on September 15, 2020. (Dkt. #1, p. 10).

## II.  STANDARD FOR FEDERAL HABEAS CORPUS RELIEF

The role of federal courts in reviewing habeas corpus petitions is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993); *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996); *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief has been further limited by the AEDPA. The new provisions of § 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) was contrary to federal law then clearly established in the holdings of the Supreme Court; (2) involved an unreasonable application of clearly established Supreme Court precedent; or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).

The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Renico v. Lett*, 559 U.S. 766, 773 (2010); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). Furthermore, a state court's factual findings are entitled to deference and are presumed correct unless the petitioner rebuts those findings with clear and convincing evidence. *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010); *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006); *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001); *see also Moore*,

313 F.3d at 881 (the statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts). This deference extends not only to express findings of fact, but also to any implicit findings of the state court. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005)).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the decision. *Richter*, 562 U.S. at 87 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

"In Texas writ jurisprudence, usually a denial of relief rather than a 'dismissal' of the claim by the Court of Criminal Appeals disposes of the merits of a claim." *Singleton v. Johnson*, 178

4

F.3d 381, 384 (5th Cir. 1999); *see also Henderson v. Cockrell,* 333 F.3d 592, 598 (5th Cir. 2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Thus, a state application that is denied without written order by the TCCA, as in the present case, is an adjudication on the merits. *See Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472.

In addition to the standard of review imposed by the AEDPA, the petitioner must also show that any constitutional error had a "substantial and injurious effect or influence" on the verdict to be entitled to habeas relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The Supreme Court explained that, while the passage of the AEDPA "announced certain new conditions to [habeas] relief," it did not supersede or replace the harmless error standard announced in *Brecht*. *Brown v. Davenport*, ___ U.S. ___, 142 S. Ct. 1510, 1524 (2022). In other words, a habeas petitioner must also satisfy *Brecht*, even if the AEDPA applies. *See id.* ("[A] federal court must deny relief to a state habeas petitioner who fails to satisfy either [*Brecht*] or AEDPA. But to *grant* relief, a court must find that the petition has cleared both tests.") (emphasis in original).

Additionally, federal habeas relief is foreclosed if a claim: (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); or (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989).

Thus, the federal writ serves as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

5

## III.  ANALYSIS

A.   **Ex Post Facto Clause (Claim One)**

In his first claim, Petitioner asserts the requirement to register as a sex offender as a condition of his parole violates the Ex Post Facto Clause. (Dkt. #1, p. 6; Dkt. #1-1).

When Petitioner raised this claim in his state habeas applications, the state habeas court found as follows:

1)   The Sex Offender Registration Program applies to reportable convictions and adjudications occurring on or after September 1, 1970. Tex. Code Crim. Proc. art. 64.002(a);

2)   The Court of Criminal Appeals has held that the sex-offender registration statute does not violate the ex post facto clause. *See Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002);

3)   The Board of Pardons and Paroles is not violating the ex post facto clause by requiring Applicant to register as a sex-offender as a condition of parole[.]

(#12-29, p. 15; Dkt. #12-32 p. 26). The TCCA adopted the state habeas court's findings when it denied relief without a written order based on the findings of the state habeas court and on the court's independent review of the record (Dkt. ##12-26, 12-30), which constitutes an adjudication on the merits. *See Singleton*, 178 F.3d at 384.

To constitute a violation of the Ex Post Facto Clause, a law "must be both retroactive and to a prisoner's detriment." *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997). A law is retroactive if it applies to events occurring before its enactment. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). A law is to the prisoner's detriment if it creates a "sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute applies retroactively, the existence of an

6

ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *Kansas v. Hendricks*, 521 U.S. 346, 371 (1997).

Petitioner complains that parole conditions requiring him to comply with the Sex Offender Registration Program, which was enacted after he was convicted and sentenced for sexual assault, is a violation of the Ex Post Facto Clause.

Texas's sex offender registration statute was originally enacted in June 1991 and became effective September 1, 1991. Act of June 15, 1991, 72nd Leg., R.S., ch. 572, Tex. Gen. Laws 2029-32, eff. Sept. 1, 1991 (codified at Tex. Rev. Civ. Stat. Ann. art. 6252-13c.1); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). Texas's Sex Offender Registration Program, currently codified at Tex. Code Crim. Proc. art. 62.101(a)(1), "initially applied only to those persons convicted of a sex offense after 1991." *Gonzales v. Tex. Dep't of Pub. Safety*, No. 4:20-cv-145-P, 2020 WL 2839191, at *2 (N.D. Tex. June 1, 2020) (citing *Rodriguez*, 93 S.W. 3d at 66). But "[i]n 1997, the Texas legislature expanded the class of persons required to register to those individuals who had a reportable conviction or adjudication occurring on or after September 1, 1970." *Gonzales*, 2020 WL 2839191, at *2 (citing Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2260-61, 2264 (formerly Tex. Code Crim. Proc. Ann. art. 62.11)).

United States Supreme Court case law is clear that the retroactive application of laws requiring sex offender registration and notification do not violate the Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 103-04 (2003); *see also Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003) (notification provisions of sex offender registration law do not violate procedural due process). Furthermore, the Fifth Circuit has made clear that the Texas sex offender statute does not violate the Ex Post Facto Clause. *See, e.g.*, *King v. McCraw*, 559 F. App'x 278, 281 (5th Cir. 2014) (per curiam) (observing, in unpublished opinions, the Fifth Circuit "has repeatedly affirmed a

7

district court's dismissal as frivolous the claim that the retroactive application of Texas law requiring sex offender registration and notification violates the Ex Post Facto Clause" and, "[a]lthough [these] decisions are not controlling precedent, [each] relied on the Supreme Court's holding in *Smith v. Doe*, 538 U.S. 84 (2003)," in which "the Supreme Court rejected an ex post facto challenge to Alaska's sex-offender-registration statute" (citations omitted)); *Hayes v. Texas*, 370 F. App'x 508, 509 (5th Cir. 2010) (per curiam) ("Retroactive application of laws requiring sex-offender registration and notification do not violate the Ex Post Facto Clause."); *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003) (per curiam) (rejecting the petitioner's claim that the revocation of his mandatory supervision due to his failure to comply with the statute requiring him to attend sex offender counseling, which was enacted after he was convicted and sentenced, is a violation of the Ex Post Facto Clause); *see also Gonzales*, 2020 WL 2839191, at *2 ("As Gonzales had a reportable conviction in the time period subject to the Act, it applies and he was required to follow the reporting requirements. Thus, the requirement that Gonzales comply with the Texas Sex Offender Registration Program is not a violation of the Ex Post Facto Clause."); *Williams v. Texas Bd. of Pardons & Parole*, No. 3:18-cv-952-M-BN, 2018 WL 3747923, at *2 (N.D. Tex. July 25, 2018) ("[E]x post facto challenges to Texas's sex offender registration statute – amended in 1997 to make it retroactive to convictions, like Williams's, that occurred prior to 1991 – routinely fail."), *report and recommendation adopted*, No. 3:18-cv-952-M, 2018 WL 4075774 (N.D. Tex. Aug. 27, 2018); *Moore v. Davis*, No.7:17-cv-100-O-BP, 2018 WL 2164529, at *2 (N.D. Tex. Mar. 30, 2018) (holding that an inmate convicted of indecency with a child in 1987 was subject to the Act's reporting requirements, and the requirement for him to comply "is not a violation of the Ex Post Facto Clause, and his claim to the contrary is not valid"), *report and recommendation adopted*, 2018 WL 2151595 (N.D. Tex. May 10, 2018); *Garcia v. Dretke*, No.

8

Civ. A. H-05-1379, 2005 WL 3234370, at *6-9 (S.D. Tex. Nov. 29, 2005) (the Texas Sex Offender Registration Program applies retroactively to the petitioner, who was convicted of sexual assault of a child in 1980, and such application is not an ex post facto violation). As the Fifth Circuit has explained, the restrictions typically imposed on sex offenders in Texas do not violate the Ex Post Facto Clause because the sex-offender conditions of parole are not intended to be punitive and serve important non-punitive goals. *Rieck*, 321 F.3d at 488; *see also Creekmore v. Att'y Gen. of Texas*, 341 F. Supp. 2d 648, 662-63 (E.D. Tex. 2004) (holding the Texas sex offender statute is non-punitive and does not pose an ex post facto violation); *Rodriguez*, 93 S.W.3d at 69 (explaining that the state sex offender registration statute poses no ex post facto violation because there is no evidence of punitive intent in the legislative history).

Because Petitioner had a reportable conviction in the time period subject to the Sex Offender Registration Program, it applies retroactively to Petitioner. Thus, the requirement that Petitioner comply with the Texas Sex Offender Registration Program as a condition of his parole is not a violation of the Ex Post Facto Clause. Petitioner has failed to show that the state court's decision to reject his ex post facto challenge to the Texas Sex Offender Registration Program is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See Williams*, 529 U.S. at 402-03; *Childress v. Johnson,* 103 F.3d 1221, 1224-25 (5th Cir. 1997). Accordingly, Petitioner is not entitled to federal habeas corpus relief on Claim One.

**B.      Breach of Plea Bargaining Agreement (Claim Two)**

In his second claim, Petitioner also contends the requirement to register as a sex offender as a condition of his parole breaches the plea bargaining agreement.

When Petitioner raised this claim in his state habeas applications, the state habeas court found as follows:

> 4) Applicant admits that the sex-offender registration requirements were not part of the plea agreement in this case; and
>
> 5) The Board of Pardons and Paroles is not violating any of the terms of the negotiated plea agreement.

(#12-29, p. 15; Dkt. #12-32 p. 26). The TCCA adopted the state habeas court's findings when it denied relief without a written order based on the findings of the state habeas court and on the court's independent review of the record (Dkt. ##12-26, 12-30), which constitutes an adjudication on the merits. *See Singleton*, 178 F.3d at 384.

The law is clear that an unkept plea bargain is a valid basis for the grant of the writ of habeas corpus where the petitioner has proved: (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *Hayes v. Maggio*, 699 F.2d 198, 203 (5th Cir. 1983). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The sex offender registration requirements were not part of Petitioner's plea agreement in this case. Because the sex offender registration requirement was not in effect at the time Petitioner pled guilty, it could not have been contemplated by either Petitioner or the State. As a result, promises regarding sex offender registration could not have been made at the time Petitioner pled guilty and therefore cannot be said to be part of the inducement or consideration. Indeed, there is no mention of sex offender registration or parole and its associated conditions in Petitioner's plea bargaining agreement. Petitioner has failed to show the Board of Pardons and Paroles violated the terms of the plea bargaining agreement when it required Petitioner to register as a sex offender as a condition of his parole. Accordingly, Petitioner has not shown that the state court's adjudication

of his breach of plea agreement claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25. Petitioner is not entitled to federal habeas corpus relief on Claim Two.

## IV.  CONCLUSION

Petitioner fails to show that his claims have merit. Specifically, Petitioner fails to demonstrate that requiring him to register as a sex offender as a condition of his parole violates the Ex Post Facto Clause. Petitioner also fails to show the sex offender registration requirement imposed as condition of his parole breached his plea bargaining agreement. Above all, Petitioner fails to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams*, 529 U.S. at 402-03, 405-06; *Childress*, 103 F.3d at 1224-25. In sum, Petitioner fails to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Accordingly, Petitioner's habeas petition should be denied and dismissed.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that the Court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (holding

that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court," noting that "[f]urther briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a substantial showing of the denial of a constitutional right in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended the Court find that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended that the above-styled petition filed under 28 U.S.C. § 2254 be denied and that the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE